Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000641
26-JAN-2016
07:46 AM

NO. CAAP-15-0000641

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


RAYMOND HUGH NICOLA, JR., Trustee of the
Raymond H. Nicola 5/28/10 Separate Share Trust, and
WISE KELIIAA NICOLA, Trustee of Wise K. Nicola Separate Share,
Plaintiffs-Appellees,
v.
BRADFORD WILSON ADAMS, and
EI RAYNA KALEIPOLIHALE KAECK ADAMS,
Defendants-Appellants,
and
IRMA KALEIPOLIHALE KAECK REVOCABLE TRUST
Dated October 12, 1994, Defendant-Appellee,
and
DOES 1-20, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 14-1-2213)

ORDER
GRANTING JANUARY 8, 2016 MOTION
TO DISMISS APPELLATE COURT CASE NUMBER
CAAP-15-0000641 FOR LACK OF APPELLATE JURISDICTION
AND
DISMISSING ALL OTHER PENDING MOTIONS AS MOOT
(By: Foley, Presiding Judge, Leonard and Ginoza, JJ.)

Upon review of (1) Plaintiff-Appellee Raymond Hugh

Nicola, Jr., Trustee of the Raymond H. Nicola, Jr., Separate

Share Trust Dated May 28, 2010, and Wise Keliiaa Nicola, Trustee of the Wise K. Nicola Separate Share's (the Nicola Appellees) January 8, 2016 motion to dismiss appellate court case number CAAP-15-0000641 for lack of appellate jurisdiction,

(2) Defendants-Appellants Bradford W. Adams and Ei Rayna K. Adams's (the Adams Appellants) January 19, 2016 "Motion to Strike Untimely & Erred 1/8/16 Motion to Dismiss 8/31/15 Appeal[,]" and (3) the record, it appears that we lack appellate jurisdiction over the Adams Appellants' appeal from five interlocutory orders that the Honorable Karl K. Sakamoto entered in Civil No. 14-1-002213 (KKS), namely, three interlocutory orders entered on July 28, July 31, and August 4, 2015, and two interlocutory orders entered on September 2, 2015, because the circuit court has not yet reduced these five interlocutory orders to a separate, appealable final judgment.

Hawaii Revised Statutes ("HRS") § 641-1(a) (1993 & Supp. 2015 authorizes appeals to the Hawai'i Intermediate Court of Appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) requires that "[e]very judgment shall be set forth on a separate document." The Supreme Court of Hawai'i has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). "Thus, based on Jenkins and HRCP Rule 58, an order is not

-2-

appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008)); Bailey v. DuVauchelle, 135 Hawai'i 482, 489, 353 P.3d 1024, 1031 (2015). Consequently, "[a]n appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." Jenkins, 76 Hawai'i at 120, 869 P.2d at 1339 (footnote omitted).

On October 22, 2015, the circuit court clerk filed the record on appeal for appellate court case number CAAP-15-0000641, which does not include an appealable final judgment. Although limited exceptions to the final judgment requirement exist under the doctrine in Forgay v. Conrad, 47 U.S. 201 (1848) (the Forgay doctrine), the collateral order doctrine, and HRS § 641-1(b) (1993 & Supp. 2015), the five interlocutory orders that the Adams Appellants are attempting to appeal from do not satisfy the requirements for appealability under the Forgay doctrine, the collateral order doctrine, or HRS § 641-1(b). See Ciesla v. Reddish, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995) (regarding the two requirements for appealability under the Forgay doctrine); Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawai'i 319, 322, 966 P.2d 631, 634 (1998) (regarding the three requirements for the collateral order doctrine); HRS § 641-1(b) (regarding the requirements for an appeal from an interlocutory order). Absent an appealable final judgment in Civil No. 14-1-002213 (KKS), we lack appellate jurisdiction over appellate court case number CAAP-15-0000641 and the Adams Appellants' appeal is premature.

-3-

Therefore, IT IS HEREBY ORDERED that the Nicola Appellees' January 8, 2016 motion to dismiss appellate court case number CAAP-15-0000641 for lack of appellate jurisdiction is granted, and appellate court case number CAAP-15-0000641 is dismissed.

IT IS FURTHER HEREBY ORDERED that all other pending motions in appellate court case number CAAP-15-0000641 are dismissed as moot.

DATED: Honolulu, Hawai'i, January 26, 2016.

Presiding Judge

Associate Judge

Associate Judge